UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LATESHEIA OWENS,<br>Plaintiff,<br>v.<br>FBI AGENTS,<br>Defendant. | Case No. 2:26-cv-02763-MMD-EJY<br><br>**ORDER**<br>**And**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Plaintiff's Application to Proceed in forma pauperis ("IFP") and Complaint. ECF Nos. 1, 1-1. The IFP is complete and granted below. Unfortunately, however, Plaintiff has not stated a plausible claim for relief and cannot do so. Thus, the Court recommends dismissal of Plaintiff's Complaint with prejudice.

## I. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of" her claim that would entitle her to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Nonetheless, district courts have the authority to dismiss cases *sua sponte* without notice to a plaintiff when she "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1998). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Again, while courts liberally construes *pro se* complaints, courts may also dismiss complaints when there is no that the plaintiff can prove no set of facts in support of the claim asserted that would entitle the plaintiff to relief. *Nordstrom*, 762 F.3d at 908.

**II. Plaintiff's Complaint**

Plaintiff names "FBI Agents" as her only defendant. The Complaint identifies no individual agent by name or through a description of conduct. ECF No. 1-1. Instead, Plaintiff claims "numerous … law officials" accused her of taking someone's life and of being committed to a mental hospital, both of which Plaintiff says are untrue. *Id*. at 3. Plaintiff says she was defamed and that she has "proof … all on social media." *Id*. at 3-4. Plaintiff contends the false allegations have caused her damage and "sometimes … [she has to] wait to go[] out to a store or get gas or whatever" and that she cannot "live a full life because … [she] was singled out by law official[s]" based on "the color of … [her] skin as well as other things …." *Id*. at 4.

Plaintiff alleges law enforcement wanted her to sell drugs. *Id*. Plaintiff says law enforcement caught her ex-husband selling pills; the ex-husband is supposedly working for these unidentified law enforcement officers; and this has nothing to do with her. *Id*. Plaintiff further says that because she is sometimes around her ex-husband, law enforcement is trying to involve her in the drug selling

operation. *Id*. Ultimately, Plaintiff says this has been going on for four years. *Id*. at 5. Plaintiff never pleads or identifies a cause of action. ECF No. 1-1, generally.

**III. Discussion**

To state a claim against FBI agents Plaintiff must plead under the rubric first established in *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). To state a *Bivens* claim a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). The Supreme Court recognizes a viable *Bivens* claim in three contexts only: (1) violation of the prohibition against unreasonable search and seizures under the Fourth Amendment; (2) gender discrimination under the equal protection component of the due process clause of the Fifth Amendment; and (3) deliberate indifference to an inmate's health care needs under the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment); *Bivens,* 403 U.S. 388 (Fourth Amendment). A *Bivens* action does not lie against federal agents in their official capacity. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). And as at least the Sixth and Tenth Circuits have observed that dismissal of a *Bivens* complaint is proper where the plaintiff refers to all defendants "generally and categorically" thus failing to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" *Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original)); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (internal citation omitted).

Here, not only does Plaintiff fail to identify an individual federal actor who violated her Fourth, Fifth, or Eighth Amendment rights, but she plainly states her suit is brought against the unidentified FBI Agents in their official capacities. ECF No. 1-1 at 2. However, even if the Court assumes Plaintiff could cure the failure to identify an individual defendant sued in his/her individual capacity, Plaintiff's Complaint still does not plead a cognizable *Bivens* claim.

Plaintiff's defamation claim fails as a matter of law as this is not a right that can be pursued through a *Bivens* action. *Jimenez v. Chesser*, Case No. 2:25-cv-04415-ODW (PDx), 2025 WL

2258999, at *6 (C.D. Cal. Aug. 6, 2025) (internal citation omitted) ("[a]n intentional tort action of defamation cannot support a *Bivens* claim because it is not a constitutional violation."). Regarding Plaintiff's single vague reference to the color of her skin, this also fails to state a claim. Courts have repeatedly found that *Bivens* does not extend to discrimination claims of the type Plaintiff may be attempting to assert under the Fifth Amendment, the only amendment under which her claim could proceed against the unidentified FBI Agent defendants. *See United States v. Sandwich Isles Commc'ns, Inc.*, 398 F. Supp. 3d 757, 784-85 (D. Haw. 2019) (finding *Bivens* claims against individuals of the government agencies for alleged equal protection violations fail as a matter of law); *Myers v. FCI Ashland*, Case No. 22-611, 2024 WL 3085079, at *2 (6th Cir. 2024) ("*Bivens* does not extend to … claims of race discrimination"); *Mays v. Smith*, 70 F.4th 198, 203 (4th Cir. 2023) ("The Supreme Court has never authorized a *Bivens* claim for procedural due process or race-based discrimination.") (internal citation omitted); *Xi v. Haugen*, 68 F.4th 824, 835, 837 (3rd Cir. 2023) (declining to expand *Bivens* to a claim presenting a new context—the "investigation and initiation of prosecution ... based on impermissible racial and ethnic factors"); (*Yarclay v. Averitt*, Case No. CIV-22-445-G, 2022 WL 20701862, at *3 (W.D. Okla. July 8, 2022) (holding that a prisoner's allegations that his removal from a residential drug abuse program violated his Fifth Amendment right to due process and equal protection are meaningfully different from the three contexts in which the Supreme Court has recognized a *Bivens* remedy), *report and recommendation adopted by* 2023 WL 6302180 (W.D. Okla. Sept. 27, 2023).

**IV. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED the Clerk of Court is asked to file Plaintiff's Complaint (ECF No. 1-1) on the docket.

**V. Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be DISMISSED with prejudice because neither her defamation nor her alleged discriminatory treatment claims can be proceed under *Bivens*.

Dated this 8th day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).